IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| SHAW INDUSTRIES GROUP, INC., a Georgia Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No. _____ |
| v. | ) ) ) ) |
| THE HERSHEY COMPANY and HERSHEY CHOCOLATE AND CONFECTIONERY CORPORATION, Delaware Corporations, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SHAW INDUSTRIES GROUP, INC., seeks a declaration by this Court that its use of "Chocolate Kiss" as a color name for carpet collections has not violated, and does not violate, the Trademark Act of 1946, as amended, 15 U.S.C. § 1114 *et seq.* (the "Lanham Act"); and related claims under the statutes and common law of the State of Georgia.

## PARTIES

1. Plaintiff, Shaw Industries Group, Inc. ("Plaintiff" or "Shaw"), is a corporation duly organized and existing under the laws of the State of Georgia and located at 616 East Walnut Ave., Dalton, Georgia, 30722.

2. Upon information and belief, Defendant The Hershey Company is a corporation organized and existing under the laws of State of Delaware and is authorized to transact business in Georgia. The Hershey Company is located at 100 Crystal A Drive, Hershey, PA, 17033 and may be served with process by service on its Registered Agent in Georgia, CT Corporation System, at 1201 Peachtree Street, NE, Atlanta, Georgia, 30361.

3. Upon information and belief, Defendant Hershey Chocolate and Confectionery Corporation is a corporation organized and existing under the laws of State of Delaware. Hershey Chocolate and Confectionery Corporation is located at 4860 Robb Street, Suite 204, Wheat Ridge, CO, 80033 and may be served with process by service on its Registered Agent in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

4. Upon information and belief, Defendants are conducting business in the State of Georgia within this judicial district and division.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims and causes of action asserted in this Complaint under: i) 28 U.S.C. § 1331, as this matter involves a federal question; ii) 28 U.S.C. § 1338, as this matter arises under the Lanham Act; iii) 28 U.S.C. §§ 2201, 2202 because the specific remedy sought is

pursuant to the Declaratory Judgment Act; and iv) 28 U.S.C. § 1367, as this matter invokes supplemental jurisdiction related to the claims under the statutes and common law of the State of Georgia.

6. This Court has personal jurisdiction over Defendants under Georgia's long-arm statute, O.C.G.A. § 9-10-91, because Defendants transact business in the State of Georgia.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), as a substantial portion of the events giving rise to the controversy occurred and are occurring in this judicial district and division.

## FACTS COMMON TO ALL COUNTS

8. Shaw is a leader in the carpet, rug, and flooring industry throughout the United States and worldwide. Shaw manufactures numerous carpeting and flooring products.

9. Shaw's carpets come in various colors, and as is common in the industry, these colors are given various names.

10. For over two decades, Shaw has used the name "Chocolate Kiss" in connection with a certain carpet color. An example of Shaw's use of the "Chocolate Kiss" color name is attached hereto as Exhibit A. Shaw commenced use of the "Chocolate Kiss" color name in on or about January 19, 1993. During this time period, Shaw has used the "Chocolate Kiss" color name on over 200

styles and these styles were widely distributed.

11. Of particular significance, Shaw plans to cease use of the "Chocolate Kiss" color name in June of this year. This fact was previously conveyed to Defendants in a letter dated January 11, 2013 (a copy of which is attached as Exhibit B).

12. Upon information and belief, Shaw is not the only party using a "kiss" formative name. A brief search on the United States Patent & Trademark Office TESS website reveals extensive, third-party use of the term "kiss" in various trademark applications and registrations. See Exhibit C for a representative sample of nearly thirty current and existing third-party "kiss" formative trademark registrations.

## Defendants' Claims

13. In a letter dated December 19, 2012 (a copy of which is attached as Exhibit D), counsel for Defendants wrote one of Shaw's distributors and demanded that Shaw's distributor cease use of the "Chocolate Kiss" color name in connection with carpets.

14. In Defendants' December 19, 2012 letter, Defendants specifically allege that use of the "Chocolate Kiss" color name in connection with carpets constitutes illegal infringement and dilution of Defendants' Kiss trademarks.

15. Upon information and belief, Defendants manufacture and sell

4

confectionary goods throughout the United States and elsewhere under their Kiss trademarks.

16. Prior to December 19, 2012, Plaintiff had never received any notice of actual or likely confusion between its "Chocolate Kiss" color name and any of Defendants' Kiss trademarks as used in connection with Defendants' products.

17. Shaw responded to Defendants' allegation in a letter dated January 11, 2013 (see Exhibit B) and asserted no likelihood of confusion or dilution between its color name for carpet and Defendants' Kiss trademarks which are used in connection with confectionary goods and other products. Shaw also informed Defendants that Shaw intends to phase out the "Chocolate Kiss" color name in June 2013.

18. Defendants' counsel subsequently responded in a letter dated January 24, 2013 (a copy of which is attached hereto as Exhibit E) and reasserted its claims for infringement and dilution.

19. Defendants' January 24, 2013 letter demanded that Plaintiff provide, among other things, the following: i) a written agreement that Shaw will immediately cease and desist all use of the term "kiss"; ii) a written agreement that Shaw will not use the term "kiss", Defendants' Kiss trademarks, or any other intellectual property owned by Defendants, or anything confusingly similar to, at any time in the future; and iii) an agreement to surrender all allegedly infringing

5

items in its possession. Defendants required that Shaw comply with Defendants' demands by February 8, 2013.

20. There is no evidence of any likelihood of confusion or dilution caused by Plaintiff's use of the "Chocolate Kiss" color name because, among other reasons, Plaintiff's use of the "Chocolate Kiss" color name has co-existed with Defendants' Kiss trademarks for over twenty years without any evidence of potential or actual confusion.

21. Under the circumstances, Plaintiff's conduct has inadvertently brought it into adversarial conflict with Defendants, and in view of Defendants' specific and direct threats of trademark infringement and dilution contained in the letters dated December 19, 2012 and January 24, 2013, a controversy of sufficient immediacy and reality exists with respect to Plaintiff's use of the "Chocolate Kiss" color name to warrant the issuance of a declaratory judgment.

22. Declaratory relief is proper in this case because it will clarify and settle the actual, present dispute between the parties as to whether Plaintiff's use of the "Chocolate Kiss" color name violates Defendants' alleged rights in its Kiss trademarks, and it will allow Shaw to continue its regular business without fear of incurring further loss, as well as the uncertainty, insecurity, and controversy giving rise to this action.

## COUNT I

## Declaration of Non-Infringement of Defendants' Kiss Federal Trademarks

23. The allegations of Paragraphs 1 through 22 are hereby incorporated in this claim for relief as if fully set forth herein.

24. Defendants claim that Plaintiff's use of its "Chocolate Kiss" color name is "directly infringing" its intellectual property.

25. An actual, present, and justiciable controversy exists between Plaintiff, on the one hand, and Defendants, on the other hand, as to whether Plaintiff's use of the "Chocolate Kiss" color name infringes any of Defendants' existing and valid trademark rights under the Lanham Act.

26. There is no actual confusion, nor is there any possible likelihood of confusion as to affiliation, connection, association, endorsement or sponsorship between Plaintiff's "Chocolate Kiss" color name and Defendants' Kiss trademarks. Accordingly, Plaintiff has not infringed Defendants' trademarks under the Lanham Act, 15 U.S.C. § 1114, *et seq.*, and if this Court does not declare so, Shaw will remain at unreasonable risk of suit by Defendants.

27. Plaintiff seeks a judicial declaration that its use of the "Chocolate Kiss" color name does not infringe any existing or valid trademark right of Defendants under federal law as declaratory relief would clarify and settle the

7

conflict between the parties and afford relief from the uncertainty and controversy giving rise to this proceeding.

## COUNT II

### Declaration of Non-Dilution

28. The allegations of Paragraphs 1 through 27 are hereby incorporated in this claim for relief as if fully set forth herein.

29. Defendants claim that Plaintiff's use of its "Chocolate Kiss" color name "dilutes the value" of Defendants' Kiss trademarks.

30. An actual, present, and justiciable controversy exists between Plaintiff, on the one hand, and Defendants, on the other hand, as to whether Plaintiff's use of the "Chocolate Kiss" color name dilutes Defendants trademark rights in the Kiss trademarks under the Lanham Act and the laws of the State of Georgia.

31. There is no possible dilution or likelihood of dilution to Defendants' Kiss trademarks, caused by Plaintiff's use of the color name "Chocolate Kiss" in connection with carpet. Accordingly, Plaintiff's use has not diluted Defendants' trademarks under the Lanham Act, 15 U.S.C. § 1125, or Georgia's anti-dilution statute, O.C.G.A. § 10-1-451(b), and if this Court does not declare so, Shaw will remain at unreasonable risk of suit by Defendants.

32. Plaintiff seeks a judicial declaration that its use of the "Chocolate Kiss" color name does not dilute any existing or valid trademark right of Defendants under federal or state law as declaratory relief would clarify and settle the conflict between the parties and afford relief from the uncertainty and controversy giving rise to this proceeding.

## COUNT III

### Declaration of Non-Infringement of Defendants' Common Law Trademarks

33. The allegations of Paragraphs 1 through 32 are hereby incorporated in this claim for relief as if fully set forth herein.

34. Defendants claim that Plaintiff's use of its "Chocolate Kiss" color name constitutes common law trademark infringement.

35. An actual, present, and justiciable controversy exists between the parties with respect to the right of Plaintiff to use its "Chocolate Kiss" color name.

36. There is no possible actual or likelihood of confusion as to the affiliation, connection, association, endorsement or sponsorship between Plaintiff's use of the "Chocolate Kiss" color name and Defendants' Kiss trademarks. Accordingly, Plaintiff has not infringed Defendants' common law trademark rights, and if this Court does not declare, Plaintiff will remain at unreasonable risk of suit by Defendants.

37. Plaintiff seeks a judicial declaration that its use of the "Chocolate Kiss" color name does not infringe any existing or valid common law trademark right of Defendants, as declaratory relief would clarify and settle the conflict between the parties and afford relief from the uncertainty and controversy giving rise to this proceeding.

## COUNT IV

## Declaration that Defendants are Precluded from Obtaining Relief because of the Doctrines of Laches and/or Acquiescence.

38. The allegations of Paragraphs 1 through 37 are hereby incorporated in this claim for relief as if fully set forth herein.

39. Because Shaw has used its "Chocolate Kiss" color name in connection with carpet for over twenty years, Shaw is entitled to a declaratory judgment that Defendants are precluded from obtaining relief against Plaintiff for trademark infringement because of the doctrines of laches and/or acquiescence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against the Defendants ordering the following:

    a. That Plaintiff's use of the "Chocolate Kiss" color name in connection with carpet does not infringe any existing and valid trademark right of Defendants under the Lanham Act;

b. That Plaintiff's use of the "Chocolate Kiss" color name in connection with carpet does not dilute any existing and valid trademark right of Defendants under the Lanham Act or the laws of the State of Georgia;

c. That Plaintiff's use of the "Chocolate Kiss" color name is lawful and is not likely to cause dilution or confusion, or to deceive consumers and potential consumers of the parties as to the origin, source, sponsorship or affiliation of Plaintiff with Defendants.

d. That Plaintiff's use of the "Chocolate Kiss" color name in connection with carpet does not infringe any existing and valid common law trademark rights of Defendants;

e. That Defendants and their employees, servants, attorneys, agents, representatives, distributors, licensees, and all persons in active concert or participation with Defendants, be enjoined and restrained permanently from interfering with Plaintiff's use of its "Chocolate Kiss" color name;

f. That Plaintiff be awarded its reasonably attorneys' fees and other costs and expenses incurred by Plaintiff in this lawsuit; and

g. That Plaintiff be awarded any such other and further relief as it just and proper in the circumstances.

Dated this 5th day of February, 2013.

>Respectfully submitted,
>
>**SHAW INDUSTRIES GROUP, INC.**
>
>/s/ A. Franklin Beacham III
>A. Franklin Beacham III
>Georgia Bar No. 043743
>BRINSON, ASKEW, BERRY, SEIGLER,
>RICHARDSON & DAVIS, LLP
>P.O. Box 5007
>Rome, Georgia, 30161
>Phone: 706.291.8853
>fbeacham@brinson-askew.com
>
>Kevin J. McDevitt
>Lisa A. Iverson
>Jessica J. Godell
>NEAL & MCDEVITT, LLC
>1776 Ash Street
>Northfield, Illinois 60093
>Tel.: 847.441.9100
>Fax: 847.441.0911
>E-Mail: kmcdevitt@nealmcdevitt.com
>E-Mail: lisa.iverson@nealmcdevitt.com
>E-Mail: jgodell@nealmcdevitt.com
>(to be admitted *pro hac vice*)